

**United States District Court**
Central District of California
**Office of the Clerk**

**Jeffrey S. Thomason**
Acting Chief Probation and Pretrial Services Officer
255 East Temple Street, Suite 1410
Los Angeles, CA 90012

**Kiry K. Gray**
District Court Executive / Clerk of Court
350 West 1st Street, Suite 4311
Los Angeles, CA 90012

**Cristina M. Squieri Bullock**
Chief Deputy of Administration
350 West 1st Street, Suite 4311
Los Angeles, CA 90012

**Sara Tse Soo Hoo**
Chief Deputy of Operations
255 East Temple Street, Suite TS-134
Los Angeles, CA 90012

August 26, 2021

Brent H. Blakely
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Email: bblakely@blakelylawgroup.com

Cindy W. Chan
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Email: cchan@blakelylawgroup.com

Laura L. Chapman
Sheppard, Mullin, Richter and Hampton LLP
4 Embarcadero Center 17th Floor
San Francisco, CA 94111
Email: lchapman@sheppardmullin.com

    Re:    *Guru Denim, Inc. v. Wal-Mart Stores, Inc., et al.*
            2:09-CV-08581 DDP (Ex)

Dear Mr. Blakely, Ms. Chan, and Ms. Chapman:

    I have been contacted by Judge Dean D. Pregerson, who presided over the above-mentioned case, which is now closed.

    Judge Pregerson informed me that he has recently discovered that, during the time he presided over the case, his children owned stock in Wal-Mart. His children's ownership of stock neither affected nor impacted his decisions in this case. Judge Pregerson did not make any substantive rulings in the case, which the parties resolved between themselves. Nevertheless, his children's stock ownership may have required recusal under the Code of Conduct for United States Judges. Therefore, Judge Pregerson directed that I notify the parties of the conflict.

**Eastern Division**
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Southern Division**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701

*Guru Denim, Inc. v. Wal-Mart Stores, Inc., et al.*
2:09-CV-08581 DDP (Ex)
August 26, 2021

      Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

      Although Advisory Opinion 71 contemplated disqualification after oral argument before a Court of Appeals, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

      With Advisory Opinion 71 in mind, you are invited to respond to Judge Pregerson's disclosure of a conflict in this case, including any request to reopen the case. Should you wish to respond, please submit your response by filing it on the docket on or before September 25, 2021. Any response will be considered by another judge of this District without the participation of Judge Pregerson.

                                      Sincerely,

                                      Kiry K. Gray
                                    District Court Executive/Clerk of the Court